UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 08-23-JBC**

**RHONDA BREWER,**
Administratrix of the Estate of Robert Brewer                                                **PLAINTIFF,**

V.                              **MEMORANDUM OPINION & ORDER**

**ED ROGERS, ET AL.,**                                                                       **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the plaintiff's motion for leave to file amended complaint (R. 46). The court will grant the motion.

The plaintiff seeks to amend her complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2). The defendants respond that the motion should be denied because the amended complaint is not materially different from the complaint.

Rule 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." The decision to grant leave to amend the complaint is within the discretion of the court. *See Sinay v. Lamson & Sessions Co.*, 948 F.2d 1037, 1041 (6th Cir. 1991). "Factors that may affect [the court's] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citing *Wade v. Knoxville Utils.*

*Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)).

The defendants oppose the motion, arguing that the amendment of the complaint is "superfluous." They do not offer the court any case law to support the proposition that where the amendment of a complaint is unnecessary, the court should deny permission to file it. The plaintiff, in her reply, indicates that she is willing to let the original complaint stand if the defendants agree that it contains a claim against defendant Mark Matthews for negligent training, supervision, and training. However, she is not certain the defendants have conceded that point, and neither is the court. The court therefore will allow the plaintiff to amend her complaint.

The defendants also note that the complaint contained a claim for grossly negligent infliction of emotional distress, a cause of action allowable under Kentucky law, but the amended complaint contains a claim for negligent infliction of emotional distress, which is not actionable under Kentucky law. In her reply, the plaintiff states that the omission of the word "grossly" in the amended complaint was a mistake and seeks permission to file a corrected Amended Complaint. The court will allow the plaintiff to make the requested change to the Amended Complaint and re-file it.

Accordingly, **IT IS ORDERED** that the plaintiff's motion for leave to file an amended complaint (R. 46) is **GRANTED. IT IS FURTHER ORDERED** that within ten (10) days of the date of entry of this order, the plaintiff is directed to file a

corrected Amended Complaint, under a notice of filing.  Upon receipt of the corrected Amended Complaint, the Clerk is directed to file the Amended Complaint in the record.

Signed on  July 13, 2009

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY