**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 08-23-JBC**

**RHONDA BREWER,**
**Administratrix of the Estate of Robert Brewer**                    **PLAINTIFF,**

**V.**                    **MEMORANDUM OPINION & ORDER**

**ED ROGERS, ET AL.,**                    **DEFENDANTS.**

* * * * * * * * * * *

This matter is before the court upon the defendants' motion to dismiss the plaintiff's false arrest claim (R. 54).  The court will dismiss the claim for lack of factual support.


I.     **Background**

On September 21, 2007, Robert Brewer was shot by a deputy from the Bourbon County Sheriff's Department.  No charges were immediately filed against Brewer; a few months later, he was charged with making terroristic threats and possession of drugs and drug paraphernalia.

Brewer brought this action pursuant to 42 U.S.C. §1983, alleging violations of the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution.  He also filed claims alleging a variety of state law violations.  He named as defendants Edward Rodgers and Guy Turner, the two Sheriff's deputies on the scene, as well

as Mark Mathews, the Bourbon County Sheriff.  Brewer is now deceased,[1] and his

widow, the administratrix of his estate, is bringing this action on behalf of his

estate.  Neither criminal case was resolved prior to Brewer's death.

## II.    Analysis

The defendants request that the court dismiss the plaintiff's claim for false

arrest.  Because the plaintiff has alleged no facts that support a finding that the

defendants intentionally confined Brewer at any time, the court will grant the

defendant's motion.

The court first must address the terminology used by the parties.  In Count III

of her amended complaint, the plaintiff alleges that the actions of the deputies,

Edward Rodgers and Guy Turner, constituted both false arrest and false

imprisonment under state law.  Although both the terms "false arrest" and "false

imprisonment" are used in Kentucky case law, the Kentucky Supreme Court has

determined that it considers the two to be different names for the same basic tort

and that the proper name for the tort is "false imprisonment."  *See Dunn v. Felty*,

226 S.W.3d 68, 71 (Ky. 2007) (declaring that "[f]rom this point forward, . . . we

shall refer to the torts of false imprisonment and false arrest together as false

imprisonment").  The plaintiff's two claims are therefore consolidated into one

claim for relief.  Because Kentucky case law often uses the terms interchangeably

---

[1]There are no allegations that his death is related to the incident that is the
basis for this suit.

and because the defendants did not base their motion on the argument that the plaintiff's claiming both false arrest and false imprisonment is redundant, the court construes their challenge to the plaintiff's false arrest claim as a challenge to her claim for false imprisonment.

The defendants filed this motion to dismiss after their answer, and so the court will construe it as a motion for judgment on the pleadings, brought pursuant to Federal Rule of Civil Procedure 12(c). The court resolves both types of motions under the same standard of review. *See McCullough v. Amer. Gen. Ins.*, No. 06-CV-732, 2007 WL 2746892, at *2 (M.D. Tenn. 2007) (citations omitted). The court must "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005) (quoting *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 512 (6th Cir. 2001)). "A motion brought pursuant to Rule 12(c) is appropriately granted 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir.2008) (citing *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007)).

Under Kentucky law, to be found liable for the tort of false imprisonment, the defendant must have intentionally confined the victim of the alleged tort and that

3

confinement must have been unlawful. *See Dunn*, 226 S.W.3d at 71; *see also*

*Banks v. Fritsch*, 39 S.W.3d 474, 478-79 (Ky. App. 2001) ("The action for the tort

of false imprisonment, sometimes called false arrest, is a lineal descendant of the

old action of trespass to person.  It protects the personal interest in freedom from

physical restraint."); *Jefferson Dry Goods Co. v. Stoess*, 199 S.W.2d 994, 996

(Ky. 1947) (elements of false arrest are "a detention of the person" and that the

detention was unlawful).  Even if the court accepts as true all of the allegations in

the plaintiff's amended complaint, the plaintiff has not pled facts that would

support a finding that the defendant law enforcement officers intentionally confined

Brewer.

     Brewer was not charged with any offense the night of the incident, and the

plaintiff makes no reference to some later arrest or detention based on the criminal

charges filed against Brewer.[2]  The plaintiff argues that there was no probable

cause for those charges; however, the tort of false imprisonment requires more

than baseless charges.  It requires physical restraint or confinement of the

individual.  Although "even a brief restraint" may be sufficient to support a false

imprisonment claim, *Banks v. Fritsch*, 39 S.W.3d 474, 478-79 (Ky. App. 2001),

the victim must suffer some intentional deprivation of physical freedom.  When law

enforcement officers are involved, the restraint required is akin to that associated

---

[2]In fact, the amended complaint does not even mention the criminal charges
and makes allegations solely based on the events of the evening of September 21,
2007.

4

with an arrest.  *See Dunn*, 226 S.W.3d at 478-79 (explaining that "[f]alse arrest is a term that describes the setting for false imprisonment when it is committed by an officer or by one who claims the power to make an arrest." (quoting DAN B. DOBBS, THE LAW OF TORTS § 36, at 67 (2000))); *Lexington-Fayette Urban County Gov't v. Middleton*, 555 S.W.2d 613, 619 (Ky. App. 1977) (noting that when law enforcement involved, "[f]alse imprisonment is always the result of a false arrest, since the individual is placed under restraint by the false arrest and there can be no imprisonment without arrest by a peace officer").   The plaintiff does not allege that at any time Brewer was arrested, placed in handcuffs, or otherwise confined in any way by the deputies.

The amended complaint does include the allegation that as a result of the deputies' conduct, Brewer "was restrained to a bounded area." Am. Compl. ¶18. However, the plaintiff's amended complaint contains only one potential factual basis for a finding that the defendants restrained or confined Brewer: the shooting itself.  It is true that the shooting physically *restricted* the plaintiff's movement. However, in shooting Brewer, Rodgers did not arrest him; that the physical effects of the shooting restricted his movement does not transform the shooting into an intentional confinement of the plaintiff.  In determining whether the claim survives the defendants' motion, the court "need not accept as true legal conclusions or unwarranted factual inferences," *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006)(citing *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998)),

5

and so the court concludes there is no basis for the broadly worded allegation that Brewer was restrained.  *See also Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (noting that "conclusory allegations or legal conclusions masquerading as factual allegations" are insufficient to support a claim (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir.2005))).

## III.   Conclusion

Accordingly, **IT IS ORDERED** that the defendants' motion to dismiss (R.54), construed by the court as a motion for judgment on the pleadings, is **GRANTED**.

Signed on  July 24, 2009

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

6